PROVIDED TO DESOTO C.I.
01-03-2021 FOR MAILING
INMATE INITIALS MLT
OFFICER INITIALS WJJ

# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY
(BASEED ON ACTUAL INNOCENCE AND NEWLY DISCOVERED EVIDENCE)

| United States District Court | District: Middle District of Florida |
|---|---|
| Name: (under which you were convicted)<br>MARVIN L. TURNER | Docket or Case No.:<br>2011-CF-1479-0 |
| Place of Confinement:<br>DeSoto Correctional Institution Annex<br>13617 SE Hwy. 70<br>Arcadia, FL 34266-7800 | Prisoner No.:<br>189928 |
| Petitioner (include the name under which you were convicted)<br>MARVIN TURNER | v. | Respondent (authorized person having custody of petitioner)<br>MARK INCH, Secretary<br>Florida Department of Corrections |
| The Attorney General of the State of Florida, Ashley Moody |||

2021 JAN -7 PM 2:28
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA
FILED

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   **9th Judicial Circuit Court for Orange County, Florida**

   (b) Criminal docket or case number: **2011-CF-1479-0**

2. (a) Date of the judgment of conviction: **August 24, 2012**

   (b) Date of sentencing: **August 24, 2012**

3. Length of sentence:
   Count I: **40 years prison**
   Count II – V: **15 years prison**

4. In this case, were you convicted of more than one crime? **Yes**

5. Identify all the crimes of which you were convicted and sentenced in this case:
   **Ct. I Kidnapping**
   **Ct. II-V: Sexual Battery**

6. (a) What was your plea? **Not guilty**

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
   you plead guilty to and what did you plead not guilty to? **N/A**

   (c) If you went to trial, what kind of trial did you have? **Jury**

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing? **No**

8. Did you appeal from the judgment of conviction? **No**

9. If you did appeal, answer the following:

   (a) Name of court: **N/A**

   (b) Docket or case number: **N/A**

   (c) Result: **N/A**

   (d) Date of result (if you know): **N/A**

   (e) Citation to the case: **N/A**

   (f) Grounds raised: **N/A**

   (g) Did you seek further review by a higher state court? **N/A**

   If yes, answer the following:

   (1) Name of court: ---**N/A**

   (2) Docket or case number (if you know): **N/A**

   (3) Result: **N/A**

   (4) Date of the result (if you know): **N/A**

   (5) Citation to case (if you know): **N/A**

   (6) Grounds raised: **N/A**

   (h) Did you file a petition for certiorari in the United States Supreme Court? **No**

   If yes, answer the following: **N/A**

   (1) Docket or case number (if you know): **N/A**

   (2) Result: **N/A**

   (3) Date of the result (if you know): **N/A**

   (4) Citation to case (if you know): **N/A**

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions
    concerning this judgment of conviction in any state court? **Yes**[1]

11. If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court: **9th Judicial Circuit Court in and for Orange County**

    (2) Docket or case number (if you know): **2011-CF-1479**

    (3) Date of filing (if you know): **March 24, 2019**

    (4) Nature of the proceeding: **Motion for Post Conviction (based on newly discovered evidence)**

    (5) Grounds raised:

---

[1] The newly discovered evidence claim is the only claim relevant to the instant Petition. The Petitioner has never raised this claim prior to now.

Ground 1 – **Based On Newly Discovered Evidence**

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion? **No**

    (7) Result: **Denied and Affirmed on Appeal**

    (8) Date of result (if you know): **August 4, 2020 (mandated August 28, 2020)**

(b) If you filed any second petition, application, or motion, give the same information

    (1) Name of court: **N/A**

    (2) Docket or case number (if you know): **N/A**

    (3) Date of filing (if you know): **N/A**

    (4) Nature of the proceeding: **N/A**

    (5) Grounds raised: **N/A**

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion? **N/A**

    (7) Result: **N/A**

    (8) Date of result (if you know): **N/A**

(c) If you filed any third petition, application, or motion, give the same information

    (1) Name of court: **N/A**

    (2) Docket or case number (if you know): **N/A**

    (3) Date of filing (if you know): **N/A**

    (4) Nature of the proceeding: **N/A**

    (5) Grounds raised: **N/A**

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion? **N/A**

    (7) Result: **N/A**

    (8) Date of result (if you know): **N/A**

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion? **N/A**

    (1) First Petition: **Yes**[2]

    (2) Second Petition:

    (3) Third Petition:

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,

---

[2] The newly discovered claim was raised to the highest state court, i.e. the state District Court of Appeal

laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**This petition demonstrates that a fundament miscarriage of justice has occurred. Therefore, this federal court may grant a habeas petition on a procedurally defaulted claims, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice."** *Fortenberry* v. *Haley*, **297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citation omitted), cert. denied, 538 U.S. 947, 123 S. Ct. 1622, 155 L. Ed. 2d 490 (2003). The fundamental miscarriage of justice exception is available in [this] case upon a showing of "'actual' innocence." See** *Johnson* v. *Alabama*, **256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926, 122 S. Ct. 1295, 152 L. Ed. 2d 208 (2002). Therefore, this petition invokes the actual innocence exception. Further, the instant Petition presents a timely claim of Newly Discovered Evidence.**

## GROUND ONE: PETITIONER WAS DENIED THE RIGHT TO A CONSTITUTIONALLY FAIR TRIAL REVEALED BY NEWLY DISCOVERED EVIDENCE

State trial court committed Federal Constitution error when denying the Petitioner's Motion for Postconviction Relief which was based on newly discovered evidence, without granting him an evidentiary hearing. Therefore, the Petitioner was denied a Federal Constitutionally fair trial. This Court will see that the Petitioner set forth facially sufficient claims of newly discovered evidence that could not be refuted by the record. As a result, the Petitioner was entitled to an evidentiary hearing and relief on the raised claims.

The state trial court denied the Petitioner's claim on the basis that the Petitioner did not satisfy the requirement of "newly discovered evidence." Specifically, the trial court found that because the Petitioner's sister could have read the trial transcripts prior to when she did, and therefore, could have written the affidavit at an earlier date, the information is not newly discovered. However, the trial court failed to realize that the Petitioner's sworn claim that he was not aware of the evidence before receiving the three sworn affidavits on January 26, 2019.

During the state trial proceedings, neither the Petitioner nor his counsel knew of Ms. Turner's sworn testimony until she chose to come forward in 2019. On January 26, 2019, the Petitioner received a letter from his sister, Janie Turner, that revealed information he had not been privy to. Specifically, the January 26th letter revealed that Latonya Dillard had disclosed certain information to Janie Turner, Joanne Illenas and Louis Gray during different conversations. Latonya Dillard told others that she and the Petitioner were in a relationship, she had feelings for the Petitioner, and that she was really angry with the Petitioner. Thereafter, on February 6, 2019, the Petitioner received another letter from his sister. This particular letter included three individual notarized sworn affidavits from Janie Turner, Joanne Illenas and Louis Gray.

Janie Turner is the sole reason why this information is newly discovered. At the time of the Petitioner's trial, Janie Turner did not know that Latonya Dillard intended to commit such perjury in the Petitioner's case. It was not until years later that Ms. Turner decided to read through the transcripts and was disgusted. After seeing the lies that Latonya Dillard had told, Ms. Turner decided to speak with Joanne Illenas and Louis Gray, which resulted in all three writing sworn affidavits. If Janie Turner had not decided to read the transcripts, the newly discovered evidence would have never been known.

The record presented before the state court revealed that Ms. Turner did not notice inconsistencies and impeachment evidence in the victim's statements until years later, reviewing the transcripts.

The trial court's findings erroneously determined that the evidence was not "new evidence' to the Petitioner simply because his sister "was aware of it well before Petitioner's August 2012 trial."

Nothing before this Court (or was before the state court) shows if Ms. Turner was at the Petitioner's trial, or listened to the victim's allegations in real time. Instead, Ms. Turner happened to read the transcripts years later and noticed the glaring inconsistencies in the victim's statements versus the truth. Ms. Turner had no obligation to come forward, and she could not have been compelled to do so for before now.

Petitioner established due diligence in obtaining the affidavits of Ms. Illenas and Mr. Gray, and the state trial court did not acknowledge either of their sworn statements in its ruling. Similarly to Ms. Turner's statements, Ms. Illenas and Mr. Gray learned in 2019 that the victim was inconsistent in her testimony, and may have had motive to frame the Petitioner. Thus, the submission of their affidavits was timely in that they were submitted in March of 2019, a mere two months into the two-year time frame (required by state law) during which they could come forward with their statements.

The Petitioner submits that had he known of the various statements from the affiants, he would have been able to obtain an acquittal on retrial. Specifically, the three affidavits from Ms. Turner, Ms. Illenas, and Mr. Gray all serve to undermine the victim's credibility from the outset of this case. First, Ms. Turner was able to inform a jury that the Petitioner and the victim were in a serious, committed, and sexual relationship. Similarly, Ms. Illenas would testify that there was tension because she was also in a relationship with the Petitioner. Not only did this lead to Ms. Illenas fighting the victim, but it led to Ms. Illenas ending her own relationship with the Petitioner as the victim continued to make threats about the situation. Arguably most importantly, Mr. Gray wrote that he heard the victim saying that she would rather see the Petitioner rot in jail than leave her.

Standing alone, or combined, the weight of this evidence would have altered the outcome of the Petitioner's case in numerous ways. First, if these three witnesses were called to testify at the Petitioner's trial, the jury would have been swayed to believe the Petitioner's version of events: that the victim was making up the allegations against him. Thereafter, he would have been acquitted. Thus, the evidence would have weakened the case against him so as to give rise to a reasonable doubt as to his culpability. In the

alternative, the Petitioner and his trial counsel could have approached the State prosecutor and worked out a plea arrangement once the State was confronted with overwhelming evidence that its star witness and victim was lying, and had motive to do so.

The Petitioner has established prejudice because there is an objectively reasonable probability that, had the newly discovered evidence been presented to the jury or presented to any future jury, there is a reasonable probability that the outcome of the proceedings would have been different

It should be noted that the state trial court failed to attach record evidence to conclusively demonstrate that the Petitioner did not become aware that Latonya Dillard had revealed certain information to his sister, Janie Turner, Joanne Illenas and Louis Gray during different conversations or to conclusively demonstrate that Petitioner is not entitled to relief. **The state court's determination constitutes and an unreasonable determination of fact and/or a misapplication of federal law.**

This claim demonstrates that a fundament miscarriage of justice has occurred. Therefore, this federal court may grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. The fundamental miscarriage of justice exception is available in [this] case upon a showing of "'actual' innocence

Petitioner is entitled to relief.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? **No**

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: this newly discovered evidence claim was not revealed until well after direct appeal was concluded. This claim was not available during direct the time of direct appeal because the evidence was not discovered until years later.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
**Yes**

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Post-conviction motion**

Name and location of the court where the motion or petition was filed: **9ʰ Judicial Circuit Court in and for Orange County**

Docket or case number: **2011CF-1479**

Date of the court's decision: **January 14, 2020**

Result: **Denied (without an evidentiary hearing)**

(3) Did you receive a hearing on your motion or petition? **No**

(4) Did you appeal from the denial of your motion or petition? **Yes**

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: **The 5th District Court of Appeal.**

    Docket or case number: **N/A**

    Date of the court's decision: **August 4, 2020 (mandated August 28, 2020)**

    Result (attach copy of the court's opinion or order, if available): **Affirmed**

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

    used to exhaust your state remedies on Ground One: None

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? **Yes**

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? **No**

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? **No**

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging: **N/A**

    (f) In any post-conviction proceeding: **N/A**

    (g) On appeal from any ruling against you in a post-conviction proceeding: **N/A**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: **N/A**

    (b) Give the date the other sentence was imposed: **N/A**

    (c) Give the length of the other sentence: **N/A**

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? **NO**

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must
explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

**Although the Judgment of Conviction became final many years ago the this petition presents a newly discovered evidence claim that was raise in a state post-conviction motion which become final on August 28, 2020[3],**

- On <u>January 26, 2019</u> the Petitioner received newly discovered in form of three sworn affidavits.

- On <u>March 24, 2019</u> the Petitioner filed a State Post conviction motion, which alleged newly discovered evidence demonstrating actual innocence; in case number 2011-CF-1479

- On <u>August 28, 2020,</u> the Postconviction motion filed on March 24, 2019 became final.

- <u>August 28, 2020</u>, 1-year Federal Habeas period began to run.[4]

- **For the purpose of the Newly Discovered Claim, Federal Habeas Filing deadline is <u>August 28, 2021</u>, More importantly, because the Petitioner raises a gateway claim of "actual innocence", the instant habeas petition is timely filed.**

Therefore, petitioner asks that the Court grant the following relief:
(1) Vacate each of Petitioner's convictions and sentences as unconstitutional and remand the cause to the trial court for further proceedings as necessary; and/or (2) appoint co-counsel, open discovery, and hold an evidentiary hearing to determine the truth of the matters in dispute.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on
(month, date, year).
Executed (signed) on _12/31/20_ (date).

_____
Signature of Petitioner

---

[3] The instant petition invokes the "actual innocence" gateway claim to federal habeas review applied in *Schlup* v. *Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), and further explained in *House* v. *Bell*, 547 U.S. 518, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006).

[4] Because the instant petition involves a claim of actual innocence, a convincing showing of actual innocence enabled this petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims. Further, a credible showing of actual innocence may allow this petitioner to pursue his constitutional claims (here, ineffective assistance of counsel) on the merits notwithstanding the existence of a procedural bar to relief. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Herrera*, 506 U.S., at 404, 113 S. Ct. 853, 122 L. Ed. 2d 203.